UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM GRAMMER,

    Plaintiff,

v.                                                    Case No. 5:23-cv-162-MCR-MJF

SGT. CONNLEY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William Grammer (DC# J54603), proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 6. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Grammer's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

Grammer is a Florida prisoner currently confined at the Jackson Correctional Institution. Doc. 6 at 2. Grammar initiated this lawsuit on June 8, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Grammar is suing three

correctional officers at Jackson CI. Doc. 6 at 2-3. Grammar claims that the Defendants violated his constitutional rights on April 3, 2023, when they removed Grammer's bedding, mattress and sheets for two nights—in conjunction with placing him on property restriction—which forced him to sleep on steel or concrete. *Id*. at 5-7. As relief, Grammar seeks $5,000.00 in compensatory damages and $5,000.00 in punitive damages against each Defendant. *Id*. at 7.

## II.   DISCUSSION

**A.   Screening of Grammer's Amended Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir.

1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012).

**B.**     <u>**Grammer's Reponses to Questions on the Complaint Form**</u>

In his amended complaint, Grammer provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 6 at 8-12. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" *Id*. at 9. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Grammer marked "No" and disclosed no cases. *Id*.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?" Doc. 6 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Grammer marked "No" and disclosed no cases. *Id*.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?" Doc. 6 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Grammer marked "No" and disclosed no cases. *Id*. at 10-12.

At the end of the civil rights complaint form, Grammer signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 6 at 12. Thus, Grammer has in effect stated that at the time he filed his amended complaint, he had not filed any other lawsuit, habeas corpus petition, or appeal in federal court challenging his conviction.

C.  **<u>Grammer's Omission</u>**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that, at the time Grammer filed his amended complaint in this case, he had filed *at least* one additional case that required disclosure. Specifically, on January

27, 2020, Grammer filed a habeas corpus petition under 28 U.S.C. § 2254, in the United States District Court for the Middle District of Florida challenging his conviction for Burglary in Duval County Circuit Court Case No. 2014-CF-3446. *See Grammer v. Sec'y, Dep't of Corr.*, No. 3:20-cv-00071-HLA-LLL, Doc. 1 (N.D. Fla. Jan. 27, 2020). The Middle District denied the petition on March 30, 2023. *Id.* at Docs. 20, 21. The federal habeas petition is attributable to Grammer because it bears his name and DC# J54603.

The federal habeas petition falls squarely within the complaint form's disclosure requirements. The complaint form required Grammer to list all habeas corpus petitions challenging his conviction. Doc. 6 at 10. Grammer's failure to disclose the prior habeas petition violates his duty of candor to this court.[1]

---

[1] By confining this discussion to one case, the undersigned does not imply that it is the *only* case that Grammer was required, but failed, to disclose. After Grammer was sentenced but still confined at the Duval County Jail, he filed a complaint under 42 U.S.C. § 1983 in the Middle District of Florida against his trial counsel. *See Grammer v. Shirk*, No. 3:15-cv-00440-MMH-JK, Doc. 1 (M.D. Fla. Apr. 7, 2015). The case was dismissed on April 10, 2015, prior to service. Although Grammer's copies of the notice of case assignment, order of dismissal, and judgment initially were returned as undeliverable due to his release from the jail to the Florida Department of Corrections Reception and Medical Center, the documents were re-mailed to Grammer at the RMC on April 23, 2015. *See* No. 3:15-cv-00440-MMH-JK, (M.D. Fla. Apr. 23, 2015) (Docket Entry). Grammer was required to disclose this case in response to Questions VIII(A) and (C) on the complaint form.

### D. The Materiality of Grammer's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their

record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Grammer falsely responded to a question on the complaint form as detailed above. Grammer knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases— including, but not limited to civil cases, habeas cases, and appeals— may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 6 at 8. A penalty is warranted both to deter Grammer from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v.*

*Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Grammer's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a § 2254 action; noting that the habeas action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition); *see also, e.g., Brown v. Nigh*, No. 1:23-cv-19-AW-MJF, 2023 WL 346812 (N.D. Fla. Jan 20, 2023) (same), *report and recommendation adopted*, 2023 WL 2761297 (N.D. Fla. Apr. 3, 2023); *Washington v. Dyas*, No. 5:22-cv-285-TKW-MJF, 2023 WL 359508 (N.D. Fla. Jan. 23, 2023) (same); *Velazquez v. Lowery*, No. 3:21cv412/MCR/EMT, 2021 WL 2666872 (N.D.

Fla. June 8, 2021) (same), *report and recommendation adopted*, 2021 WL 2665721 (N.D. Fla. June 29, 2021).

If Grammer suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Grammer's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Grammer an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their

litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). There can be no plausible excuse for Grammer's failure to disclose his prior habeas case.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 28th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.**

**<u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**